IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,389-01






EX PARTE SCOTTY RAY BATES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29601-A IN THE 3rd DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to two years' imprisonment in state jail. 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
timely advise the Applicant of his right to appeal. The Applicant further alleges that counsel's
failure to advise him of his appellate rights caused him to miss the deadline for filing a notice of
appeal and for appellate counsel to be untimely appointed by the trial court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 The record reflects that the Applicant is currently represented by counsel. However, if the
trial court elects to hold a hearing, and the Applicant is no longer represented by counsel, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because of counsel's failure to advise the Applicant of his appellate rights. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 18, 2012

Do not publish